DOUGLAS J. MELTON, Bar No. 161353
SHANE M. CAHILL, Bar No. 227972
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        dmelton@longlevit.com
              scahill@longlevit.com

Attorneys for Defendant
OMELAGAH, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CARMANEISHA LEWIS, individual, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OMELAGAH, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 4:23-cv-6037<br><br>**NOTICE OF REMOVAL**<br><br>**[Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453; 28 U.S.C. §§1441, 1446]**<br><br>Action Filed:   September 20, 2023 |

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

1
NOTICE OF REMOVAL

Case No. 4:23-cv-6037

4855-6870-1842, v. 1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act ("CAFA), 28 U.S.C. §§ 1332(d) and 1453, and 28 U.S.C. §§1441 and 1446, Defendant Omelagah, Inc., hereby removes to this Court the state court action described below.

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under CAFA, 28 U.S.C. §1332(d) and 1453, and is one that may be removed to this Court by Defendant pursuant to CAFA, 28 U.S.C. §§1332(d) and 1453, and 28 U.S.C. §§1441(b) and 1441 for the reasons set forth below.

## INTRADISTRICT ASSIGNMENT

2. Oakland is the proper division of the Northern District Federal Court for this matter, as this case was filed in the Superior Court of California, County of Alameda, and Plaintiff alleges that venue is proper in Alameda County. (Complaint ¶4.)

## BASIS FOR REMOVAL

3. This court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), because it is a putative class action with more than 100 class members where the aggregate alleged amount in controversy exceeds $5,000,000.00, and at least one member of the putative class of plaintiffs is a citizen of a state different from at least one Defendant. More specifically:

4. Background of Filing and Service of Complaint

    i. On September 20, 2023, Plaintiff filed a complaint (the "Complaint") in the Superior Court of the State of California in and for the County of Alameda, entitled *Carmaneisha Lewis v. Omelagah, Inc.,* Case No. 23CV044580 (the "Action").

    ii. On October 6, 2023, Plaintiff's counsel served Defendant's Counsel with a Notice and Acknowledgement of Receipt—Civil pursuant to C.C.P. § 415.30 requesting Defendant agree to voluntarily accept service of the Summons and Complaint, true and correct copies of which are attached as Exhibit "1" and are incorporated herein by this reference.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

2
NOTICE OF REMOVAL

Case No. 4:23-cv-6037

iii.    On October 26, 2023, Defendant's counsel served Plaintiff's counsel with the executed Notice and Acknowledgement of Receipt—Civil of Plaintiff's Summons and Complaint.  Pursuant to C.C.P. § 415.30(c), service of the Summons and Complaint was deemed complete on October 26, 2023.  As such, Defendant is deemed to have received and been served with the Summons and Complaint on October 26, 2023.  (28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).)

iv.    This Notice of Removal is timely as it is filed within thirty days of Defendant being served with the Summons and Complaint. 28 U.S.C. § 1446(b). Moreover, the Complaint does not allege facts on its face that demonstrate removability.  As such, the 30-day deadline for Defendant to seek removal has not yet commenced to run.

5.    <u>Diversity of Citizenship Exists Under CAFA</u>

i.    CAFA requires only minimal diversity: "The district courts shall have original jurisdiction of any … class action in which (A) any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. §1332(d)(2).  As established below, there is diversity of citizenship under CAFA in this Action.

ii.    As to a plaintiff's citizenship, an individual person's domicile and citizenship is established by (i) physical presence and (ii) an intent to remain indefinitely. (*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).)  A person's residence is "prima facie" evidence of her domicile.  (*State Farm Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).)   Here, Defendant is aware that more than one putative class member presently is (and was at the time the Action was filed) a citizen of a state other than the State of California.  Plaintiff alleges Defendant is

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

3
NOTICE OF REMOVAL

Case No. 4:23-cv-6037

4855-6870-1842, v. 1

a citizen of California, which is accurate.[1]  (Complaint ¶3.)  As such, minimal diversity exists under CAFA, 28 U.S.C. 1332(d)(2).

6.    The Size of the Putative Class Far Exceeds the Required Size Under CAFA

    i.    CAFA does not apply to class actions in which "the number of members of a proposed plaintiff class in the aggregate is less than 100." 28 U.S.C. 1332(d)(5). As established below, the number of putative class members exceeds 100 in this Action.

    ii.    Although the Complaint does not identify the exact class size, a Defendant "may remove to federal court when it discovers, based on its own investigation, that a case is removable."  (*Roth v. CHA Hollywood Medical Center*, 720 F.3d 1121, 1123 (9th Cir. 2013).)  Based on Defendant's investigation, the size of the putative class of employees Plaintiff seeks to represent in this action is **353**, with an average of about 125 non-exempt employees who worked per pay period during the relevant four-year class period between September 20, 2019 and the present ("the Class Period").  As such, the putative class exceeds the 100 class member threshold.

7.    The Value of The Claims Asserted Exceeds the Required Value Under CAFA

    i.    Under CAFA, "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. §1332(d)(2).

    ii.    Plaintiff, for herself and on behalf of the putative class members, claims multiple violations of California Labor Code, as set forth in the following causes of action: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7

---

[1] A corporation is treated as a citizen of the state in which it is incorporated and of the state in which it has its principal place of business.  (*Hertz Corp v. Friend*, 559 U.S. 77, 80 (2010).)

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

1    (Unpaid Resp Period Premiums); (4) Violation of California Labor Code §§

2    1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California

3    Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of

4    California Labor Code § 204 (Wages Not timely Paid During Employment); (7)

5    Violation of California Labor Code § 226(a) (Non-Compliant Wage

6    Statements); (8) Violation of California Labor Code § 1174(d) (Failure to Keep

7    Requisite Payroll Records; (9) Violation of California Labor Code §§ 2800 and

8    2802 (Unreimbursed Business Expenses); and (10)  Violation of California

9    Business and Professions Code § 17200 *et seq.*  Plaintiff seeks damages on

10   behalf of the putative class including unpaid wages and overtime wages, unpaid

11   premium pay, actual damages, liquidated damages, restitution, declaratory relief,

12   injunctive relief, interest, statutory penalties, civil penalties, costs of suit, and

13   attorney's fees.  (Complaint, Prayer for Relief.)

14          iii.    While the Complaint is silent on the number of specific violations of the

15                  California Labor Code and California Business and Professions Code claimed

16                  by Plaintiff on behalf of the putative class members, given the size of the

17                  putative class and the monetary relief sought, the amount in controversy exceeds

18                  $5 million, exclusive of penalties, attorneys' fees, interest, and costs.  (*See, Brill*

19                  *v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (where

20                  complaint silent on amount of damages, removing party can establish amount in

21                  controversy by multiplying number of alleged wrongful acts by alleged statutory

22                  penalties and treble damages sought in complaint); see also, *Roth v. CHA*

23                  *Hollywood Medical Center*, *supra*, 720 F.3d at 1125-1126 (9th Cir. 2013).)[2]

24

25   _____

26   [2] Defendant denies the claims in Plaintiff's Complaint and that Plaintiff, or any putative class
     member, is entitled to any relief.  Defendant's business practices were and are compliant with
     applicable law.  The question on removal, however, is whether the monetary relief *sought* exceeds
27   $5 million, not whether the putative class has any viable likelihood of recovering that amount.
     (*See, Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in
28   controversy is simply an estimate of the total amount in dispute, not a prospective assessment of
     defendant's liability.").)

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

5
NOTICE OF REMOVAL                    Case No. 4:23-cv-6037

1    Based on the monetary relief sought by the Complaint, Plaintiff alleges the

2    following damages *at a minimum*:

3    iv.    First Cause of Action:  Pursuant to California Labor Code §§ 510 and 1198,

4    Plaintiff alleges that Defendants failed to pay putative class members overtime

5    compensation (both regular overtime and double-time) wages.  (Complaint

6    ¶¶51-59.)  More specifically, Plaintiff alleges that she and "the other class

7    members worked over eight (8) hours in a day and/or forty (40) hours in a week

8    during their employment" and that Defendant "engaged in a pattern and practice

9    of wage abuse against their hourly paid or non-exempt employees…" which

10   included "failing to pay them for all regular and/or overtime wages earned…."

11   (Complaint ¶¶24-25.)  Plaintiff further alleges "Defendants rounded the work

12   time recorded by Plaintiff and the other class members in a manner that was not

13   fair and neutral on its face and/or that favored Defendants overtime, resulting in

14   Plaintiff and the other class members being underpaid for their time worked."

15   (Complaint ¶32.)  During the Class Period, based on Defendant's investigation,

16   Defendant paid putative class members an average of $18.00 per hour to comply

17   with state and local minimum wage laws and ordinances.  The overtime rate for

18   the putative class members was thus $27.00.  Therefore, if each putative class

19   member claims they failed to receive overtime pay for just 1 hour of overtime

20   each week during the putative Class Period, the amount the Complaint seeks in

21   unpaid overtime is at least **$702,000** (125 employees x $27 per hour x 52 weeks

22   per year x 4 years).  Moreover, if the Complaint seeks just 1 hour of unpaid

23   double-time for each putative class member per week, the amount the Complaint

24   seeks in unpaid double-time is **$936,000** (i.e., 125 employees x $36 per hours x

25   52 weeks x 4 years) – for a total of **$1,638,000** in unpaid overtime time and

26   double-time wages.

27   v.    Second and Third Causes of Action:  Pursuant to Labor Code §§ 226.7 and

28   512(a), Plaintiff alleges that Defendant failed to provide her and the other

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

6
NOTICE OF REMOVAL

Case No. 4:23-cv-06037

4855-6870-1842, v. 1

putative class members with compliant meal and rest periods. (Complaint ¶¶60-79.) Plaintiff alleges this failing was a "pattern and practice" on Defendant's part. As such, Plaintiff alleges she and the other putative class members are entitled to recover from Defendant one additional hour of pay (i.e., "premium pay") at the employee's regular rate of compensation for each missed meal period. Here, if each putative class member failed to receive compliant meal periods as part of Defendant's alleged "pattern and practice" on just three occasions per week, the amount the Complaint seeks in premium pay for missed meal periods is no less than $1,404,000 (i.e., 125 employees x $54 [$18 x 3] x 52 weeks x 4 years). Likewise, if each putative class member failed to receive complaint rest periods on just three occasions per week, the amount the Complaint seeks in premium pay for missed rest periods is also no less than $1,404,000 – for a total of **$2,808,000** in missed meal and rest period premium pay.

vi.    <u>Fourth Cause of Action</u>: Pursuant to Labor Code §§ 1194, 1197, and 1197.1, Plaintiff alleges that Defendant failed to pay her and other putative class members at least minimum wage for all hours worked. Under California's minimum wage laws, the minimum wage was $12.00 per hour in 2019, $13.00 per hour in 2020, $14.00 per hour in 2021, $15.00 per hour in 2022, and $15.50 per hour in 2023. *See, https://www.dir.ca.gov/dlse/SB3_FAQ.htm.* Based on these minimum wage rates – which are often less than the minimum wage set by local ordinances in the locations where Plaintiff and the putative class members worked – if each putative class member was not compensated at minimum wage for just 1 hour of work per week, the Complaint seeks no less than **$360,750** for unpaid minimum wage ($18,000 for 12 weeks in 2019; $84,000 for 2020; $91,000 for 2021; $97,500 for 2022; and $69.750 for approx. 36 weeks in 2023).

vii.    <u>Fifth Cause of Action</u>: Pursuant to Labor Code §§ 201-203, Plaintiff alleges that Defendants failed to timely pay Plaintiff and other putative class members all

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

7

NOTICE OF REMOVAL

Case No. 4:23-cv-6037

4855-6870-1842, v. 1

wages due and owing in a timely manner after leaving Defendant's employ. (Complaint ¶¶86-91.)  Under Labor Code § 203, Plaintiff alleges that she and other putative class members are entitled to 30 days of wages for failure to receive all wages due owing at the end of their employment.  Based on Defendant's investigation, Defendant estimates that approximately 218 employees have left Defendant's employment during the Class Period.  At an average rate of $18.00 per hour and 8 hours per day, employees on average would have earned approximately $144 per day.  As such, the Complaint seeks at least $4,320 in penalties per employee for a total of **$941,760** (i.e., 218 employees x $4,320).

viii.    <u>Sixth Cause of Action</u>:  Pursuant to Labor Code § 204, Plaintiff seeks penalties for Defendant's alleged failure to timely pay employees' wages during their employment.  (Complaint ¶¶92-97).  Under Labor Code § 210, an employer who violates Labor Code § 204 is subjected to a penalty of $100 for any initial violation or a penalty of $200 for each subsequent or any willful or intentional violation, plus 25% of the amount withheld.  Plaintiff alleges that Defendant's failure to pay her and class members in a timely manner during their employment was willful and intentional.  (Complaint ¶96.)  Here, if Defendant willfully failed to timely pay each employee their wages each pay period in the year before Plaintiff's complaint was filed (i.e., during the applicable one-year statute of limitations), the Complaint seeks at least **$600,000** in penalties (125 employees x $200 x 24 pay periods).  Moreover, if Plaintiffs establish the violation was willful or intentional, as alleged, Defendant would be liable for 25% in the amount of wages unlawfully withheld.  As noted, the putative class members earned an average of $18 per hour and allegedly worked at least 80 hours per pay period, for a total of $1,440 per pay period.  (See Complaint ¶ 24.)  The 25% penalty would thus be an additional $360 per employee per pay period for 24 pay periods, or **$1,080,000** (i.e., 125 employees x $360 x 24 pay periods).

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

NOTICE OF REMOVAL

ix.     Seventh Cause of Action:  Pursuant to California Labor Code § 226(a) Plaintiff
alleges that Defendants knowingly and intentionally failed to provide class
members with accurate wage statements.  Plaintiff further alleges that class
members have suffered actual damages in an amount to be proven at trial as a
result of Defendants' alleged failures.  Pursuant to California Labor Code §
226(e), Plaintiff seeks the greater of actual damages or $50.00 for the initial pay
period in which a violation of Labor Code §226(a) occurred, and $100.00 for
each subsequent pay period in which a violation of Labor Code §226(a)
occurred, not to exceed an aggregate penalty of $4,000 per class member.  Here,
if Defendant failed to provide accurate wage statements during the one-year
limitations period governing this claim, at just the minimum penalty of $50 for
125 employees for 24 pay periods, the Complaint seeks to recover no less than
**$150,000**.[3]

x.     Eighth Cause of Action:  Pursuant to Labor Code § 1174, Plaintiff alleges
Defendants intentionally and willfully failed to keep accurate and complete
payroll records showing the hours worked daily and wages paid to Plaintiff and
the other class members.  (Complaint ¶107.)  The penalty for such a violation
under Labor Code § 1174.5 is $500.  Assuming Plaintiff is able to collect a civil
penalty for violation of this provision for each putative class member, the total
amount the Complaint seeks to recover is **$176,500** (i.e., 353 employees x
$500).

xi.     Ninth Cause of Action:  Pursuant to Labor Code §§ 2800 and 2802, Plaintiff
alleges Defendants failed to reimburse her and other putative class members for
all expenses reasonably and necessarily incurred in the course of their

---

[3] Subsequent penalties of $100 per violation are not awarded until an employer is notified by the LWDA or a Court that it is in violation of the Labor Code.  *Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 355-35.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

employment. Based on the allegations of the Complaint, Defendant is unable to estimate damages attributable to this cause of action at this time.

xii.  Tenth Cause of Action: Pursuant to Business and Professions Code §17200, Plaintiff alleges that Plaintiff and the other putative class members lost money as a result of Defendant's alleged unfair business practices. As a result, among other categories of relief, Plaintiff seeks restitution of all monies rightfully belonging to them that Defendant did not pay or otherwise retained. Based on the allegations of the Complaint, Defendant is unable to estimate damages attributable to this cause of action at this time, though this claim overlaps with several of Plaintiff's other claims.

xiii.  Plaintiffs' Attorneys' Fees:  Plaintiff, on behalf of the putative class, seeks attorneys' fees but does not specify an amount. While Defendant cannot estimate the amount sought by Plaintiff and the putative class, the Court can consider the request in determining whether removal is appropriate.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1157 (9th Cir. 1998).)

xiv.  Total Alleged Amount in Controversy:  In sum, based on the statutory claims alleged in the Complaint, Plaintiff and the putative class seek quantifiable damages in excess of $5,000,000, as follows:

| Claim | Amount |
|---|---|
| Unpaid Overtime | $702,000 |
| Meal Period Premium Pay | $1,404,000 |
| Rest Period Premium Pay | $1,404,000 |
| Unpaid Minimum Wage | $360,750 |
| Waiting Time Penalties | $941,760 |
| Untimely Payment of Wages | $600,000 |
| Inaccurate Wage Statements | $150,000 |

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

| Incomplete / Inaccurate Records | $176,500 |
|---|---|
| **TOTAL** | **$5,739,010.00** |

xv.    Notably, the amount in controversy does not include Plaintiff's claim for unpaid double-time wages (estimated at $936,000 in paragraph 7.iv.) or Plaintiff's claims for all the penalties she could conceivable seek under Labor Code §§ 204 and 210, which could be as much as $1,080,000 (paragraph 7.viii.).

8.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings and orders" are affixed hereto, as follows:

| Exhibit # | Document Title | Date |
|---|---|---|
| 1 | Class Action Complaint for Damages | September 20, 2023 |
| 2 | Civil Case Cover Sheet | September 20, 2023 |
| 3 | Summons on Complaint | September 20, 2023 |
| 4 | Notice of Case Management Conference | September 20, 2023 |
| 5 | Order re: Complex Determination | October 25, 2023 |
| 6 | Minute Order re: Complete Determination | October 26, 2023 |
| 7 | Notice and Acknowledgement of Receipt—Civil | November 2, 2023 |
| 8 | Proof of Service of Summons | November 2, 2023 |
| 9 | Answer to Complaint | November 21, 2023 |
| 10 | Alameda Superior Court Docket | November 21, 2023 |

Dated: November 21, 2023          LONG & LEVIT LLP


_____*/s/ Shane M. Cahill*_____
SHANE M. CAHILL
DOUGLAS J. MELTON
Attorneys for Defendant
OMELAGAH, INC.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

11
NOTICE OF REMOVAL          Case No. 4:23-cv-6037
4855-6870-1842, v. 1

# EXHIBIT 1

1   Arby Aiwazian (SBN 269827)
    AA@CallJustice.com
2   **LAWYERS *for* JUSTICE, PC**
    410 West Arden Avenue, Suite 203
3   Glendale, California 91203
    Tel: (818) 265-1020 / Fax: (818) 265-1021
4
    *Attorneys for* Plaintiff
5

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/20/2023 at 02:26:43 PM**
By: Darnekia Oliver,
Deputy Clerk

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF ALAMEDA**

10  CARMANEISHA LEWIS, individually, and          Case No.:  23CV044580
    on behalf of other members of the general
11  public similarly situated;                     **CLASS ACTION COMPLAINT FOR
                                                    DAMAGES**
12              Plaintiff,
                                                    (1)  Violation of California Labor Code
13         vs.                                           §§ 510 and 1198 (Unpaid
                                                         Overtime);
14  OMELAGAH, INC., a California                    (2)  Violation of California Labor Code
    corporation; and DOES 1 through 100,                §§ 226.7 and 512(a) (Unpaid Meal
15  inclusive,                                          Period Premiums);
                                                    (3)  Violation of California Labor Code
16              Defendants.                             § 226.7 (Unpaid Rest Period
                                                         Premiums);
17                                                  (4)  Violation of California Labor Code
                                                         §§ 1194, 1197, and 1197.1 (Unpaid
18                                                       Minimum Wages);
                                                    (5)  Violation of California Labor Code
19                                                       §§ 201 and 202 (Final Wages Not
                                                         Timely Paid);
20                                                  (6)  Violation of California Labor Code
                                                         § 204 (Wages Not Timely Paid
21                                                       During Employment);
                                                    (7)  Violation of California Labor Code
22                                                       § 226(a) (Non-Compliant Wage
                                                         Statements);
23                                                  (8)  Violation of California Labor Code
                                                         § 1174(d) (Failure To Keep
24                                                       Requisite Payroll Records);
                                                    (9)  Violation of California Labor Code
25                                                       §§ 2800 and 2802 (Unreimbursed
                                                         Business Expenses);
26                                                  (10) Violation of California Business &
                                                         Professions Code §§ 17200, et seq.
27
                                                    **DEMAND FOR JURY TRIAL**
28

---

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff CARMANEISHA LEWIS ("Plaintiff"), individually, and on

2    behalf of other members of the general public similarly situated, and alleges as follows:

3                    **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil Procedure

5    section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    2.    This Court has jurisdiction over this action pursuant to the California

8    Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

9    other causes" except those given by statute to other courts.  The statutes under which this

10   action is brought do not specify any other basis for jurisdiction.

11   3.    This Court has jurisdiction over Defendant because, upon information and

12   belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

13   otherwise intentionally avails itself of the California market so as to render the exercise of

14   jurisdiction over it by California courts consistent with traditional notions of fair play and

15   substantial justice.

16   4.    Venue is proper in this Court because, upon information and belief, Defendant

17   maintains offices, has agents, employs individuals, and/or transacts business in the State of

18   California, County of Alameda.  At all relevant times, Defendant maintained its

19   headquarters/"nerve center" within the State of California, County of Alameda.

20                          **PARTIES**

21   5.    Plaintiff CARMANEISHA LEWIS is an individual residing in the State of

22   California.

23   6.    Defendant OMELAGAH, INC.,, at all times herein mentioned, was and is, upon

24   information and belief, a California corporation and, at all times herein mentioned, an

25   employer whose employees are engaged throughout the State of California, including the

26   County of Alameda.

27   7.    At all relevant times, Defendant OMELAGAH, INC. was the "employer" of

28   Plaintiff within the meaning of all applicable California laws and statutes.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

8.      At all times herein relevant, Defendants OMELAGAH, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendant OMELAGAH, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

///

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

13.    The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California.

Subclass A:  All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

Subclass B:  All class members who were subject to Defendants' practice of rounding time recorded for purposes of calculating compensation for time worked or for calculating meal periods.

14.    Plaintiff reserves the right to establish additional subclasses as appropriate.

15.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

interest that is antagonistic to the other class members.  Plaintiff's

attorneys, the proposed class counsel, are versed in the rules governing

class action discovery, certification, and settlement.  Plaintiff has

incurred, and during the pendency of this action will continue to incur,

costs and attorneys' fees, that have been, are, and will be necessarily

expended for the prosecution of this action for the substantial benefit of

each class member.

    d.    <u>Superiority</u>: A class action is superior to other available methods for the

fair and efficient adjudication of this litigation because individual joinder

of all class members is impractical.

    e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

action will advance public policy objectives.  Employers of this great

state violate employment and labor laws every day.  Current employees

are often afraid to assert their rights out of fear of direct or indirect

retaliation.  However, class actions provide the class members who are

not named in the complaint anonymity that allows for the vindication of

their rights.

16.    There are common questions of law and fact as to the class members that

predominate over questions affecting only individual members.  The following common

questions of law or fact, among others, exist as to the members of the class:

    a.    Whether Defendants' failure to pay wages, without abatement or

reduction, in accordance with the California Labor Code, was willful;

    b.    Whether Defendants' had a corporate policy and practice of failing to

pay their hourly-paid or non-exempt employees within the State of

California for all hours worked and missed (short, late, interrupted,

and/or missed altogether) meal periods and rest breaks in violation of

California law;

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.    Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## GENERAL ALLEGATIONS

17.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Alameda.

18.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately January 2020 to approximately January 2021, in the State of California.

19.     Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants rounded the work time recorded by Plaintiff and the other class members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiff and the other class members being underpaid for their time worked.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

39.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

40.     During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

41.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

42.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

43.     During the relevant time period, Defendants rounded the work time recorded by Plaintiff and the other class members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiff and the other class members being underpaid for their time worked.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

44.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

45.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

46.    During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

47.    During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

48.    During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

49.    During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

50.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## **FIRST CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 510 and 1198)**

### **(Against OMELAGAH, INC. and DOES 1 through 100)**

51.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

53. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

54. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

55. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

56. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

57. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

58. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

59. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///
///
///
///

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

60.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59, and each and every part thereof with the same force and effect as though fully set forth herein.

61.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

62.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

63.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

64.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

66.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

67.    During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

68.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

69.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

70.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

71.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and effect as though fully set forth herein.

72.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Case 4:23-cv-06037-YGR    Document 1    Filed 11/21/23    Page 27 of 75

73.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

74.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

75.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

76.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

77.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

78.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

79.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///
///
///
///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

80.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

82.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

83.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

84.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

85.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

86.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 85, and each and every part thereof with the same force and effect as though fully set forth herein.

87.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

88.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

89.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

90.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

91.    Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 204)**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

92.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

93.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

94.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

95.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

96.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

97.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

98.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

99.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

100.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

101.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

102.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

103.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

104.     Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against OMELAGAH, INC. and DOES 1 through 100)

105.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 104, and each and every part thereof with the same force and effect as though fully set forth herein.

106.     Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

107.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

108.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

109.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

### NINTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against OMELAGAH, INC. and DOES 1 through 100)**

110.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

112.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

113.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

114.    Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against OMELAGAH, INC. and DOES 1 through 100)

4    115.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

5  through 114, and each and every part thereof with the same force and effect as though fully set

6  forth herein.

7    116.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

8  unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'

9  competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public

10  interest within the meaning of Code of Civil Procedure section 1021.5.

11    117.    Defendants' activities as alleged herein are violations of California law, and

12  constitute unlawful business acts and practices in violation of California Business &

13  Professions Code section 17200, et seq.

14    118.    A violation of California Business & Professions Code section 17200, et seq.

15  may be predicated on the violation of any state or federal law.  In this instant case, Defendants'

16  policies and practices of requiring employees, including Plaintiff and the other class members,

17  to work overtime without paying them proper compensation violate California Labor Code

18  sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring

19  employees, including Plaintiff and the other class members, to work through their meal and

20  rest periods without paying them proper compensation violate California Labor Code sections

21  226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate

22  California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and

23  practices of failing to timely pay wages to Plaintiff and the other class members violate

24  California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor

25  Code sections 226(a), 1174(d), 2800 and 2802.

26    119.    As a result of the herein described violations of California law, Defendants

27  unlawfully gained an unfair advantage over other businesses.

28  ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

120.     Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

121.     Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That counsel for Plaintiff be appointed as Class Counsel; and

4.     That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential, and incidental losses and damages, according to proof;

13.    For premium wages pursuant to California Labor Code section 226.7(c);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  32.    For statutory wage penalties pursuant to California Labor Code section 203 for

2  Plaintiff and the other class members who have left Defendants' employ;

3  33.    For pre-judgment interest on any unpaid compensation from the date such

4  amounts were due; and

5  34.    For such other and further relief as the Court may deem just and proper.

6  **As to the Sixth Cause of Action**

7  35.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code section 204 by willfully failing to pay all compensation owed at the time required

9  by California Labor Code section 204 to Plaintiff and the other class members;

10  36.    For all actual, consequential, and incidental losses and damages, according to

11  proof;

12  37.    For pre-judgment interest on any unpaid compensation from the date such

13  amounts were due; and

14  38.    For such other and further relief as the Court may deem just and proper.

15  **As to the Seventh Cause of Action**

16  39.    That the Court declare, adjudge and decree that Defendants violated the record

17  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18  as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

19  wage statements thereto;

20  40.    For actual, consequential and incidental losses and damages, according to proof;

21  41.    For statutory penalties pursuant to California Labor Code section 226(e);

22  42.    For injunctive relief to ensure compliance with this section, pursuant to

23  California Labor Code section 226(h); and

24  43.    For such other and further relief as the Court may deem just and proper.

25  **As to the Eighth Cause of Action**

26  44.    That the Court declare, adjudge and decree that Defendants violated California

27  Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

28  ///

1  for Plaintiff and the other class members as required by California Labor Code section

2  1174(d);

3       45.    For actual, consequential and incidental losses and damages, according to proof;

4       46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

5       47.    For such other and further relief as the Court may deem just and proper.

6                          **As to the Ninth Cause of Action**

7       48.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

9  class members for all necessary business-related expenses as required by California Labor

10  Code sections 2800 and 2802;

11       49.    For actual, consequential and incidental losses and damages, according to proof;

12       50.    For the imposition of civil penalties and/or statutory penalties;

13       51.    For reasonable attorneys' fees and costs of suit incurred herein; and

14       52.    For such other and further relief as the Court may deem just and proper.

15                          **As to the Tenth Cause of Action**

16       53.    That the Court decree, adjudge and decree that Defendants violated California

17  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

18  other class members all overtime compensation due to them, failing to provide all meal and

19  rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

20  Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

21  wages timely as required by California Labor Code section 201, 202 and 204 and by violating

22  California Labor Code sections 226(a), 1174(d), 2800 and 2802.

23       54.    For restitution of unpaid wages to Plaintiff and all the other class members and

24  all pre-judgment interest from the day such amounts were due and payable;

25       55.    For the appointment of a receiver to receive, manage and distribute any and all

26  funds disgorged from Defendants and determined to have been wrongfully acquired by

27  Defendants as a result of violation of California Business and Professions Code sections

28  17200, et seq.;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.     For such other and further relief as the Court may deem just and proper.

Dated: September 20, 2023                          **LAWYERS** *for* **JUSTICE, PC**

By: _____
                                                   Arby Aiwazian
                                                   *Attorneys for* Plaintiff

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT 2

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Arby Aiwazian (SBN 269827)<br>LAWYERS FOR JUSTICE, PC,<br>410 West Arden Avenue, Suite 203, Glendale, CA 91203<br>TELEPHONE NO.: (818) 265-1020  FAX NO. (Optional): (818) 265-1021<br>E-MAIL ADDRESS: AA@calljustice.com<br>ATTORNEY FOR (Name): Plaintiff Carmaneisha Lewis | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>09/20/2023 at 02:26:43 PM<br>By: Darmekia Oliver,<br>Deputy Clerk |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Courthouse |
| CASE NAME:<br>Lewis vs. Omelagah, Inc. |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 23CV044580 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): Ten
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 20, 2023

Arby Aiwazian
_____
(TYPE OR PRINT NAME)   ▶   *(signature)*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Lewis vs. Omelagah, Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[  ] Hayward Hall of Justice  (447)

[  ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?   [  ] yes   [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes   [  ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

# EXHIBIT 3

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OMELAGAH, INC., a California corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARMANEISHA LEWIS, individually, and on behalf of other members of the general public similarly situated;

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
09/20/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Oliver _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of State of California

County of Alameda, Rene C. Davidson Courthouse

1225 Fallon Street, Oakland, California 94612

CASE NUMBER:
*(Número del Caso):* 23CV044580

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arby Aiwazian, 410 West Arden Ave., Suite. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

DATE: 09/20/2023        Chad Finke, Executive Officer / Clerk of the Court        Clerk, by _____ D. Oliver _____, Deputy
*(Fecha)*                                                                          *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT 4

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/20/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _D. Oliver_ Deputy<br>D. Oliver |
| PLAINTIFF:<br>Carmaneisha Lewis | |
| DEFENDANT:<br>OMELAGAH, INC., a California corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV044580 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| Date: 01/18/2024 | Time: 8:30 AM | Dept.: 21 |
|---|---|---|
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

09/20/2023

Chad Finke, Executive Officer / Clerk of the Court

By: _D. Oliver_ Deputy

D. Oliver

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
Carmaneisha Lewis

DEFENDANT/RESPONDENT:
OMELAGAH, INC., a California corporation

## CERTIFICATE OF MAILING

CASE NUMBER:
23CV044580

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Arby Aiwazian
Lawyers for Justice, PC
410 Arden Ave, Ste 203
Glendale, CA 91203

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/21/2023                    By:

_D. Oliver_

D. Oliver, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Carmaneisha Lewis
                        Plaintiff/Petitioner(s)
                    vs.
OMELAGAH, INC., a
California corporation
                        Defendant/Respondent
(s)

No.      23CV044580

Date:    10/25/2023
Time:    3:30 PM
Dept:    21
Judge:   Evelio Grillo

ORDER re: Complex Determination

Hearing filed by

Carmaneisha Lewis

(Plaintiff) on 09/20/2023

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated :   10/25/2023

Evelio Grillo / Judge

---

ORDER re: Complex Determination Hearing filed by Carmaneisha Lewis
(Plaintiff) on 09/20/2023

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 21

## JUDICIAL OFFICER: HONORABLE EVELIO GRILLO

Courtroom Clerk: Nicole Hall                                                    CSR: None

---

**23CV044580**                                                    October 25, 2023
                                                                        3:30 PM

**LEWIS**
  **vs**
**OMELAGAH, INC., A CALIFORNIA CORPORATION**

---

### MINUTES

**APPEARANCES:**


**NATURE OF PROCEEDINGS: Complex Determination Hearing filed by Carmaneisha Lewis (Plaintiff) on 09/20/2023**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court,

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:    *Nicole Hall*

N. Hall, Deputy Clerk
Minutes of: 10/25/2023
Entered on: 10/26/2023

# EXHIBIT 7

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Arby Aiwazian (SBN 269827)<br>LAWYERS for JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: 818.265.1020    FAX NO. *(Optional):* 818.265.1021<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Carmaneisha Lewis | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/02/2023 at 05:52:21 PM<br>By: Anthony Zapotoczny,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Carmaneisha Lewis

DEFENDANT/RESPONDENT: Omelagah, Inc.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23CV044580 |

TO *(insert name of party being served):* Omelagah, Inc., a California corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 6, 2023

Jorge Munoz
_____          ► _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Civil Case Cover Sheet, Notice of Case Management Conference

**(To be completed by recipient):**

Date this form is signed: October 26, 2023

Shane M. Cahill on behalf of Omelagah, Inc.
_____          ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,           (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

# EXHIBIT 8

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arby Aiwazian (SBN 269827)<br>Lawyers for Justice, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, CA 91203 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/02/2023 at 05:52:21 PM<br>By: Anthony Zapotocany,<br>Deputy Clerk |

TELEPHONE NO.: (818) 265-1020   FAX NO. *(Optional)*: (818) 265-1021

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:  Plaintiff Carmaneisha Lewis

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Carmaneisha Lewis

DEFENDANT/RESPONDENT: Omelagah, Inc.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>23CV044580 |
| | Ref. No. or File No.:<br>16002 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*:  Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served)*:
   Omelagah, Inc., a California corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Shane M. Cahill, Attorney for Defendant

4. Address where the party was served:
   465 California Street, 5th Floor, San Francisco, CA 94104
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Carmaneisha Lewis | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Omelagah, Inc. | 23CV044580 |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):* October 6, 2023    (2)  from *(city):* Glendale

    (3)  [✓]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [✓]  On behalf of *(specify):*  Omelagah, Inc., a California corporation
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)        [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)           [ ] 415.46 (occupant)
                           [ ] other:

7.  **Person who served papers**
  a.  Name:  Jorge Munoz
  b.  Address:  410 West Arden Avenue, Suite 203, Glendale, CA 91203
  c.  Telephone number:  818.265.1020
  d.  **The fee** for service was:  $ 0.00
  e.  I am:
    (1)  [✓]  not a registered California process server.
    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [ ]  a registered California process server:
        (i)  [ ]  owner  [ ]  employee  [ ]  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  [✓]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date: October 27, 2023

Jorge Munoz
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

_____
(SIGNATURE )

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arby Aiwazian (SBN 269827)<br>LAWYERS for JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: 818.265.1020          FAX NO. *(Optional):* 818.265.1021<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Carmaneisha Lewis | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Carmaneisha Lewis |
| DEFENDANT/RESPONDENT: Omelagah, Inc. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23CV044580 |

TO *(insert name of party being served):* Omelagah, Inc., a California corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 6, 2023

Jorge Munoz

_____          ▶          _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*
      Civil Case Cover Sheet, Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed:   October 26, 2023

Shane M. Cahill on behalf of Omelagah, Inc.

_____          ▶          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

# EXHIBIT 9

1   DOUGLAS J. MELTON, Bar No. 161353
    SHANE M. CAHILL, Bar No. 227972
2   LONG & LEVIT LLP
    465 California Street, Suite 500
3   San Francisco, California 94104
    Telephone:     (415) 397-2222
4   Facsimile:     (415) 397-6392
    Email:         dmelton@longlevit.com
5                  scahill@longlevit.com

6   Attorneys for Defendant
    OMELAGAH, INC.
7

8                  **SUPERIOR COURT OF CALIFORNIA**
9                       **COUNTY OF ALAMEDA**
10

11  CARMANEISHA LEWIS, individual, and on      Case No. 23CV044580
12  behalf of other members of the general public
    similarly situated,
13                                              **DEFENDANT OMELAGAH, INC.'S**
        Plaintiff,                              **ANSWER TO COMPLAINT**
14
        v.
15
16  OMELAGAH, INC., a California corporation;   Action Filed:   September 20, 2023
    and DOES 1 through 100, inclusive,
17
        Defendants.
18

19

20          Defendant OMELAGAH, INC. ("Defendant"), by and through its attorneys, answers the

21  Complaint of Plaintiff CARMANEISHA LEWIS, individually, and on behalf of other members of

22  the general public similarly situated ("Plaintiff"), as follows:

23                              **GENERAL DENIAL**

24          Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies

25  each and every allegation in the Complaint, and the causes of action purportedly contained therein,

26  and denies that Plaintiff has sustained any damage in any sum or sums whatsoever as a result of

27  any of the alleged conduct of Defendant, and further denies that Plaintiff is entitled to relief of any

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

1                     Case No. 23CV044580
DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT
4892-7723-3291, v. 1

kind because of Defendant's alleged conduct.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses, Defendant allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Plaintiff is barred, in whole or in part, from any recovery on the Complaint by the governing statutes of limitations, including, but not limited to, C.C.P. §§ 338(a)-(d), 339, 340(a)-(b), 343, and Business & Professions Code § 17208.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.     The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### (Consent and Ratification)

5.     The causes of action alleged in Plaintiff's Complaint, and each of them, are barred because Plaintiff consented to and ratified all of the alleged acts or omissions of Defendant by reason of Plaintiff's knowledge, conduct, and statements.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

6.     Plaintiff is barred, in whole or in part, from any recovery on the Complaint by virtue

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

2

Case No. 23CV044580

DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT

4892-7723-3291, v. 1

of her failure to act reasonably or to use diligence to avoid and/or mitigate his alleged damages, if any there be.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification or Privilege)

7.    The causes of action alleged in Plaintiff's Complaint, and each of them, are barred because the actions taken by Defendant, or the employees or agents of Defendant, if any, were justified and/or privileged, and consistent with all applicable obligations and duties of Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.    The causes of action alleged in Plaintiff's Complaint against Defendant are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Not Willful)

9.    If Plaintiff is entitled to any income, wages, or salary, which Defendant denies, Defendant's failure to pay such income, wages, or salary was in good faith and not willful and thus not subject to penalties under applicable law.

## TENTH AFFIRMATIVE DEFENSE

### (Hours Worked)

10.    The hours for which Plaintiff's claims she is entitled to pay were not hours worked within the meaning of applicable law, and Plaintiff is not entitled to any penalties, income, or overtime compensation for these hours.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Legal Obligations of Employees)

11.    The causes of action alleged in Plaintiff's Complaint are barred because Plaintiff failed to comply with the legal obligations of employees under applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

### (After-acquired Evidence)

12.    Defendants allege that the damages sustained by Plaintiff, if any, are limited by the

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4892-7723-3291, v. 1

after-acquired evidence of misconduct which would have resulted in discipline, including, but not limited to, termination.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Meal Period Waiver & On-Duty Meal Period)

13.     Plaintiff's cause of action for missed meal periods is barred, in whole or in part, on the grounds that Plaintiff freely and knowingly consented to waive her meal periods and/or work on-duty meal periods as permitted by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

14.     If Plaintiff suffered or sustained any loss or damages as alleged in the Complaint, which Defendant deny, such loss or damage was occasioned by a risk that Plaintiffs knowingly and voluntarily assumed.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Pre-Lawsuit Requirements)

15.     The Complaint, and each of its causes of action, is barred because Plaintiffs failed to adequately exhaust pre-filing requirements as required by law.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Business Justification)

16.     Each of Plaintiff's claims are barred because any conduct complained of against Defendant and its employees, managers, or agents, if any, was a just and proper exercise of management discretion undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

17.     Defendant alleges that the damages sustained by Plaintiff, if any, were caused in whole or in part by the willful misconduct of Plaintiff for which Defendant is not liable or responsible.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4892-7723-3291, v. 1

4

DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT

Case No. 23CV044580

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith Conduct)

3        18.      Defendant alleges that, to the extent Plaintiff is entitled to any income, wages, tips,

4   or salary, Defendant's alleged failure to pay such income was not willful and thus not subject to

5   waiting time penalties under Labor Code § 203 or other applicable laws.  Moreover, Defendant

6   alleges that Plaintiff is not entitled to any liquidated damages or premium pay under the Labor

7   Code and other applicable laws because Defendant's acts and/or omissions were in good faith and

8   Defendant had reasonable grounds for believing that its acts and/or omissions did not violate any

9   Labor Code provisions.

10

## NINETEENTH AFFIRMATIVE DEFENSE

11

### (Failure to State a Claim re Attorney Fees)

12        19.      Defendant alleges that the damages sustained by Plaintiff, if any, were caused in

13   whole or part by the willful misconduct of said Plaintiff for which Defendant is not liable or

14   responsible.

15

## TWENTIETH AFFIRMATIVE DEFENSE

16

### (Class-Certification)

17        20.      Plaintiff is barred from obtaining certification of a class on the grounds that Plaintiff

18   cannot satisfy the perquisites for class certification, including, without limitation, that there exist an

19   ascertainable class and a well-defined community of interest in that common questions of law and

20   fact predominate or are otherwise involved.

21

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22

### (Inadequacy of Class Representative)

23        21.      Plaintiff is not a proper representative of the class she purports to represent and

24   accordingly, this action is not properly brought as a class action.

25

## TWENTY-SECOND AFFIRMATIVE DEFENSE

26

### (Putative Class Members Not Similarly Situated)

27        22.      Plaintiff cannot maintain a representative or class action because the putative class

28   members are not similarly situated.

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

5

DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT

Case No. 23CV044580

4892-7723-3291, v. 1

1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

2

### (Lack of Specificity)

3          23.    The Tenth Cause of Action for Unfair Competition in violation of California

4   Business and Professions Code section 17200 et seq., is barred because it fails to plead specific

5   facts capable of stating a claim for unfair business practices.

6

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

7

### (Legitimate Business Purpose)

8          24.    Defendant cannot be liable for any alleged violation of California Business and

9   Professions Code section 17200 et seq., because any action, conduct, and/or dealings with Plaintiff

10  were lawful and were carried out in good faith and for legitimate business and economic

11  considerations.

12

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

13

### (Safe Harbor)

14         25.    Plaintiffs' claim based upon California Business and Professions Code section

15  17200 et seq., is barred because the conduct alleged falls within a safe harbor.

16

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

17

### (Civil Penalties Unconstitutional)

18         26.    The penalties sought in Plaintiff's Complaint violate the due process, equal

19  protection, and/or excessive fines clauses of the United States and/or California Constitutions.

20

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21

### (Setoff, Offset, Recoupment)

22         27.    Defendant is entitled to setoff, offset, and/or recoupment for amounts paid to

23  Plaintiff and/or any member of the putative class.

24

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25

### (*De Minimis*)

26         28.    Some or all of the disputed time for which Plaintiff and/or the members of the

27  alleged putative class she purports to represent is not compensable as *de minimis*.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

6
DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT
Case No. 23CV044580
4892-7723-3291, v. 1

1

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

2

### **(Wage Order Defense)**

3      29.      Plaintiff's causes of action for missed meal periods and rest breaks, and for unpaid

4   overtime, are barred, in whole or in part, on the grounds that Defendant's conduct was authorized

5   by, and compliant with, the provisions of the applicable Wage Order of the California Industrial

6   Welfare Commission.

7

## **ADDITIONAL DEFENSES**

8      Defendant reserves the right to assert further separate and additional affirmative defenses,

9   as applicable, based on its discovery of additional information.

10      WHEREFORE, Defendant prays for judgment as follows:

11      1.      That Plaintiff take nothing by reason of the Complaint;

12      2.      That judgment be entered on the Complaint in favor of Defendant and against

13   Plaintiff and that the Complaint be dismissed with prejudice;

14      3.      That Defendant be awarded its attorneys' fees and costs of suit herein; and

15      4.      That the Court grant such other and further relief as it may deem proper.

16

17   Dated: November 21, 2023                    LONG & LEVIT LLP

18

19

20                                              _____
                                                SHANE M. CAHILL
21                                              DOUGLAS J. MELTON
                                                Attorneys for Defendant
22                                              OMELAGAH, INC.

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

7
Case No. 23CV044580
DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT

4892-7723-3291, v. 1

1

## PROOF OF SERVICE

2

I, the undersigned, declare:

3

4       I am a citizen of the United States and employed in San Francisco County, California.  I am
over the age of eighteen years and not a party to the within-entitled action.  My business address is
465 California Street, 5th Floor, San Francisco, California 94104.  On November 21, 2023, I
5       served the document(s) named below on the following attorney(s) of record and/or interested
parties in the case of *Carmaneisha Lewis v. Omelagah, Inc.,* Alameda Superior Court Case No.
6       23CV044580.

7                        **DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT**

8

| _Attorneys for Plaintiff_ | |
| --- | --- |
| Arby Aiwazian<br>Jorge Munoz<br>LAWYERS FOR JUSTICE, PC<br>410 West Arden Avenue, Ste. 203<br>Glendale, CA 91203<br>Tel:    (818) 265-1020<br>Fax:    (818) 265-1021<br>Email: AA@calljustice.com<br>          jorge@calljustice.com | |

9

10

11

12

13

14

15

16

17      ☒       (BY E-MAIL) I served the above party (ies) by transmitting the document via
electronic mail to the electronic mail address as listed above.

18

19

20      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct and that this declaration was executed on November 21, 2023, at San
Francisco, California.

21

22

23                                                                        _____
                                                                              Janie Crowley

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

8

DEFENDANT OMELAGAH, INC.'S ANSWER TO COMPLAINT

Case No. 23CV044580

4892-7723-3291, v. 1

# EXHIBIT 10

 Superior Court of Alameda County Public Portal

**23CV044580** LEWIS vs OMELAGAH, INC., A CALIFORNIA CORPORATION

**Civil Unlimited** (Other Employment Complaint Case)

Rene C. Davidson Courthouse / DEPT 21 - HON. Evelio Grillo

Filed: 09/20/2023

Next Hearing: 01/18/2024 Initial Case Management Conference

Document Download

Pay Fees

Case Summary

Register of Actions     Participants     Future Hearings

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 09/20/2023 | Complaint<br>Filed by: Carmaneisha Lewis (Plaintiff)<br>As to: OMELAGAH, INC., a California corporation (Defendant) | Document | ⬇ |
| 09/20/2023 | Civil Case Cover Sheet<br>Filed by: Carmaneisha Lewis (Plaintiff)<br>As to: OMELAGAH, INC., a California corporation (Defendant) | Document | ⬇ |
| 09/20/2023 | Summons on Complaint<br>Issued and Filed by: Carmaneisha Lewis (Plaintiff)<br>As to: OMELAGAH, INC., a California corporation (Defendant) | Document | ⬇ |
| 09/20/2023 | Notice of Case Management Conference<br>Filed by: Clerk | Document | ⬇ |
| 09/20/2023 | The case is placed in special status of: Provisionally Complex – Case Type | Case | |
| 09/20/2023 | The case is placed in special status of: Class Action | Case | |
| 09/21/2023 | Complex Determination Hearing scheduled for 10/25/2023 at 03:30 PM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 09/21/2023 | Initial Case Management Conference scheduled for 01/18/2024 at 08:30 AM in Rene C. Davidson Courthouse at Department 21 | Event | |
| 09/21/2023 | Case assigned to Hon. Evelio Grillo in Department 21 Rene C. Davidson Courthouse | Assignment | |
| 10/25/2023 | Tentative Ruling Published for 10/25/2023 3:30 PM Complex Determination Hearing} | Tentative Ruling | |
| 10/25/2023 | Minute Order (Complex Determination Hearing filed by Carmaneisha Lewis (Pla...) | Minute Order | ⬇ |
| 10/25/2023 | Order re: Complex Determination Hearing filed by Carmaneisha Lewis (Plaintiff) on 09/20/2023<br>Signed and Filed by: Clerk | Document | ⬇ |
| 10/26/2023 | The case is placed in special status of: Deemed Complex | Case | |

| Date | Message | Category | Download |
|------|---------|----------|----------|
| 10/26/2023 | Complex Determination Hearing scheduled for 10/25/2023 at 03:30 PM in Rene C. Davidson Courthouse at Department 21 updated:<br>Result Date to 10/25/2023<br>Result Type to Held | Event | |
| 11/02/2023 | Notice and Acknowledgment of Receipt<br>Filed by: Carmaneisha Lewis (Plaintiff)<br>As to: OMELAGAH, INC., a California corporation (Defendant) | Document | ⬇ |
| 11/02/2023 | Proof of Service by Substituted Service<br>Filed by: Carmaneisha Lewis (Plaintiff)<br>As to: OMELAGAH, INC., a California corporation (Defendant)<br>Service Cost: 0.00<br>Proof of Mailing Date: 10/06/2023<br>Service Cost Waived: No | Document | ⬇ |

Copyright © Journal Technologies, USA. All rights reserved.

1

## **PROOF OF SERVICE**

2

I, the undersigned, declare:

3

4

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 465 California Street, 5th Floor, San Francisco, California 94104.  On November 21, 2023, I served the document(s) named below on the following attorney(s) of record and/or interested parties in the case of *Carmaneisha Lewis v. Omelagah, Inc.,* U.S.D.C, Northern District of California Case No. 4:23-cv-6037.

5

6

7

**NOTICE OF REMOVAL**

8

| ***Attorneys for Plaintiff*** | |
|---|---|
| Arby Aiwazian<br>Jorge Munoz<br>Charles Sweeny<br>LAWYERS FOR JUSTICE, PC<br>410 West Arden Avenue, Ste. 203<br>Glendale, CA 91203<br>Tel:     (818) 265-1020<br>Fax:    (818) 265-1021<br>Email:  AA@calljustice.com<br>        jorge@calljustice.com<br>        charles@calljustice.com<br>        ss@calljustice.com<br>        rachel@calljustice.com | |

9

10

11

12

13

14

15

16

17

18

☒    (BY E-MAIL) I served the above party (ies) by transmitting the document via electronic mail to the electronic mail address as listed above.

19

20

☒    (BY U.S. MAIL) by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

21

22

23

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 21, 2023, at San Francisco, California.

25

26

27

_____
Janie Crowley

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

4855-6870-1842, v. 1

13
NOTICE OF REMOVAL

Case No. 4:23-cv-6037